# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0948V

|  |  |
|---|---|
| JAMES CANTAFIO, <br><br>                    Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                    Respondent. | Chief Special Master Corcoran <br><br> Filed: July 8, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On February 19, 2021, James Cantafio filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration resulting from a pneumococcal conjugate vaccine received on January 22, 2020. Petition, ECF No. 1. On November 15, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $26,990.32 (representing $22,400.10 in fees plus $563.47 in costs incurred by Petitioner's counsel of records, Ronald C. Homer); and ($3,579.39 in fees, plus $447.36 in costs incurred by Petitioner's former attorney, Berkowitz and Hanna, LLC). Application for Attorneys' Fees and Costs ("Motion") filed April 24, 2024, ECF No. 53. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred $7.70 in personal out-of-pocket expenses. ECF No. 54.

Respondent reacted to the motion on April 25, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 55. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2023 are also reasonable and consistent with our prior determinations and will therefore be adopted. Additionally, Petitioner has requested the hourly rate of $360 for 2024 work performed by attorney Nathaniel Enos, representing a rate increase of $40 from the previous year; and the rate of $195 for paralegal work performed in 2024, Motion at 21. I find these rates to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 21-33 and 40-44. I find the requested costs reasonable and hereby award them in full. Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $26,998.02**[3] **as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

2

- **A lump sum of $22,963.57, representing reimbursement for fees plus costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ronald C. Homer; and**

- **A lump sum of $4,026.75, representing reimbursement for fees plus costs, in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Berkowitz and Hanna, LLC; and**

- **A lump sum of $7.70, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.